\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Joseph M. King, on behalf of himself and all similarly-situated former employees of G4S Secure Solutions (USA), Inc.<br>37135 Tail Feather Dr.<br>North Ridgeville, OH 44039, | : <br><br>:<br><br>: | Case No.<br><br>Judge:<br><br>**CLASS ACTION COMPLAINT** |
| Plaintiff, | : | (Jury Demand Endorsed Hereon) |
| vs. | : | |
| G4S Secure Solutions (USA), Inc.<br>c/o The Prentice Hall Corp. Sys., Inc.<br>50 West Broad St., Suite 1800<br>Columbus, OH 43215 | :<br><br>: | |
| | : | |
| and | | |
| | : | |
| Chuck Brock<br>c/o G4S Security Solutions (USA), Inc.<br>1395 University Blvd.<br>Jupiter, FL 33458 | :<br><br>: | |
| and | : | |
| Don Drent<br>c/o General Motors<br>300 Renaissance Center<br>MC: 482-C31-C22<br>Detroit, MI 48265 | :<br><br>:<br><br>: | |
| and | : | |
| Kevin Baker<br>c/o General Motors<br>1444 Michigan St. NE<br>Grand Rapids, MI 49503 | :<br><br>: | |

1

|  |  |
|---|---|
| and | : |
| JOHN DOES, 1-100, | : |
| Defendants. | : |
|  | : |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION COMPLAINT

Plaintiff Joseph M. King, individually and on behalf of all others similarly-situated (hereinafter the "Class"), brings this action against his former employer, Defendant, G4S Secure Solutions (USA), Inc. (*a/k/a* G4S, G4S USA and Wackenhut) (*f/k/a* The Wackenhut Corporation) and certain individuals employed by G4S who have collectively engaged in a pattern of fraud and corruption intended to defeat the rights of Plaintiff and the other Members of the Class to the contractual benefits of their employment.

## PARTIES

1. Plaintiff Joseph M. King is a resident of the State of Ohio and former employee of Defendant G4S Security Solutions (USA), Inc. who works as a security professional in the auto industry.

2. Defendant G4S Secure Solutions (USA), Inc. (hereinafter "G4S") is (i) a corporation organized under the laws of, and with a principal place of business in, the State of Florida; (ii) a wholly-owned subsidiary of G4S Holding One, Inc., a Delaware corporation; (iii) registered as a foreign corporation in, and regularly conducts business in, the State of Ohio; and (iv) the employer of the individual Defendants named below. Upon information and belief, G4S knowingly authorized, participated in, and/or ratified the acts and omissions of the individual Defendants described herein.

3. Defendant Chuck Brock (hereinafter "Brock") is, upon information and belief, a resident of the State of Florida who was, at all times relevant hereto, Executive Vice President of Strategic Account Operations for G4S, subject to G4S's control and acting within the scope of his employment with respect to the acts or omissions alleged herein.

4. Defendant Don Drent (hereinafter "Drent") is, upon information and belief, a resident of the State of Michigan who was, at all times relevant hereto, Senior Director of Strategic Account Operations for G4S, subject to G4S's control and acting within the scope of his employment with respect to the acts or omissions alleged herein.

5. Defendant Kevin Baker (hereinafter "Baker") is, upon information and belief, a resident of the State of Michigan who was, at all times relevant hereto, National Strategic Account Operations Manager for G4S, subject to G4S's control and acting within the scope of his employment with respect to the acts or omissions alleged herein.

6. Defendants, John Does Nos. 1-100 (hereinafter "John Does"), are individuals whose true identities are unknown to Plaintiff at this time but who were, at all times relevant hereto, employees of Defendant G4S, subject to G4S's control and acting within the scope of their employment with respect to the acts or omissions alleged herein.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as the Complaint presents a federal question, *to wit,* alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.

8. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff, a citizen of the State of Ohio, and Defendants herein, citizens of the States of Florida and Michigan, and because the total amount in

controversy exceeds $75,000.

9. This Court also has supplemental jurisdiction over state-law claims asserted herein pursuant to 28 U.S.C. § 1367(a), as said claims form part of the same case or controversy under Article III of the Constitution as the claims over which this Court has original jurisdiction.

10. Upon information and belief, this Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 (d)(2), because this action is brought as a class action, there is diversity of citizenship between at least one Member of the Class and at least one Defendant named herein and the total amount in controversy exceeds $5,000,000 in the aggregate.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

12. Defendant G4S contracts with corporate customers to supply security personnel to companies in a variety of industries, including the automobile industry.

13. To fulfill its contractual obligations, G4S hires security and fire services professionals, including Police Chiefs, Fire Chiefs and/or other trained emergency personnel.

14. Upon information and belief, G4S entered into a contract to provide security personnel for General Motors Company (hereinafter "GM") in or around the fall of 2011 (hereinafter the "GM Contract").

15. On or about January 26, 2012, G4S hired Plaintiff, a Fire Chief, to work as Security Chief for the GM Parma Metal Center located in Parma, Ohio. A copy of Plaintiff's employment agreement is attached hereto as Exhibit A.

16. As an employee of G4S, Plaintiff was provided with a copy of a Policy Manual

further defining the terms of his employment and which, upon information and belief, was drafted in whole or in part in conjunction with GM to incorporate policies and procedures approved by GM (hereinafter the "Policy Manual").

17. The Policy Manual was divided into sections, including a Section designated as POL-0401a and entitled "Paid Time Off (PTO) for Personnel Assigned to General Motors" (hereinafter the "PTO Policy"). A copy of the PTO Policy is attached hereto as Exhibit B.

18. Under the PTO Policy, eligible G4S employees were awarded a designated number of PTO hours each year depending on the employee's number of years in service with GM, and any unused portion thereof would be paid out at a discount to the employee by G4S in the event of his/her termination. Upon information and belief, the PTO Policy is standard in the automobile industry and its inclusion in the Policy Manual was required by GM.

19. In the fall of 2017, G4S lost its bid to renew the GM Contract. As a result, G4S employment for employees assigned to GM terminated upon expiration of the GM Contract on January 31, 2018, triggering the PTO Policy's payout requirements.

20. Upon information and belief, GM directed the winning subcontractor, Allied Universal, to make employment offers to the existing G4S employees assigned to GM, including Plaintiff, who accepted his new employment offer prior to expiration of the GM Contract.

21. Prior to expiration of the GM Contract, Defendants Brock, Drent, Baker and/or one or more John Does participated in multiple telephone conversations with Plaintiff and other G4S employees assigned to GM to discuss the termination of their employment with G4S and transition to Allied Universal.

22. During a conference call conducted in December 2017 in which approximately 100 Members of the Class participated, questions were posed regarding the PTO Policy and the

5

logistics of the anticipated payouts thereunder, and one or more of the individual Defendants affirmatively represented that G4S would be distributing PTO termination payouts to all employees assigned to GM with their final paychecks, and as a result, they should not "use up all of [their] vacation time" in January.

23. During another conference call conducted on January 30, 2018 in which approximately 100 Members of the Class participated, questions were again posed regarding the PTO Policy and the logistics of the anticipated payouts thereunder, and one or more of the individual Defendants again represented that G4S would be distributing PTO termination payouts to all employees assigned to GM shortly after expiration of the GM Contract.

24. Upon information and belief, Defendants Brock, Drent, Baker and/or one or more John Does made similar representations to G4S employees assigned to GM via email communications, including a group email sent to Plaintiff and other the GM Site Chiefs by Defendant Drent on December 11, 2017 in response to questions raised about the payout, to which he attached a copy of the PTO Policy.

25. In reliance on the assurances provided by Defendants, Plaintiff and other G4S employees assigned to GM elected not to use their accrued PTO or take action to terminate their employment with G4S prior to the expiration of the GM Contract on January 31, 2018.

26. After the expiration of the GM Contract, G4S did *not* pay out accrued PTO to Plaintiff or other Members of the Class, and on February 15, 2018, Defendant Brock notified them via email that G4S had decided not to make any PTO payout to any employee not covered by GM's Collective Bargaining Agreement because it would be unable to bill GM therefor.

27. Upon information and belief, G4S also entered into a contract to provide security personnel for FCA US LLC (*a/k/a* Fiat Chrysler or Chrysler) (hereinafter "Chrysler") in or before

6

2014 (hereinafter the "Chrysler Contract").

28. Upon information and belief, G4S utilized a Policy Manual to define the terms of employment for employees assigned to work at Chrysler which was substantially similar to the Policy Manual utilized for the GM account, including a substantially similar PTO Policy.

29. Upon information and belief, G4S lost its bid to renew the Chrysler Contract in the spring or summer of 2017. As a result, the employment for G4S employees assigned to those Chrysler facilities terminated upon expiration of the Chrysler Contract in or around July or August 2017, triggering the PTO Policy's payout requirements.

30. Upon information and belief, one or more of the individual Defendants made affirmative representations, including representations via telephone and/or email, that G4S would be distributing PTO termination payouts to all employees assigned to Chrysler upon expiration of the Chrysler Contract.

31. Upon information and belief, in reliance on the assurances provided by Defendants, G4S employees assigned to Chrysler elected not to use their accrued PTO or take action to terminate their employment with G4S prior to the expiration of the Chrysler Contract.

32. Upon information and belief, after the expiration of the Chrysler Contract, G4S did *not* make any payout for accrued PTO to former G4S employees assigned to Chrysler.

## COUNT I – BREACH OF CONTRACT

33. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully rewritten herein.

34. Defendant G4S entered into employment agreements with Plaintiff and the other Members of the Class pursuant to which G4S was required to pay them for unused PTO upon termination of their employment with G4S.

7

35. Plaintiff and the other Members of the Class substantially complied with the terms of their employment agreements with G4S.

36. Defendant G4S breached its agreement with Plaintiff and the other Members of the Class by refusing to pay out their unused accrued PTO upon termination of employment without legal justification.

37. As direct and proximate result of G4S's breach of the employment agreements, Plaintiff and the Class have suffered damages in an amount to be determined at trial.

### COUNT II – PROMISSORY ESTOPPEL

38. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 37 of this Complaint as if fully rewritten herein.

39. Defendants made clear and unambiguous promises to Plaintiff and other Members of the Class that G4S would pay out unused PTO following termination of their employment by virtue of expiration of the GM and Chrysler Contracts.

40. Defendant G4S was aware of, directed and/or ratified the clear and unambiguous promises made by Defendants Brock, Drent, Baker and/or John Does as alleged herein.

41. Plaintiff and other Members of the Class justifiably relied on the promises of Defendants to their detriment by electing not to utilize accrued PTO or resign from G4S prior to expiration of the GM or Chrysler Contracts.

42. Defendants should be estopped from denying benefits under the PTO Policies to Plaintiff and the other Members of the Class.

### COUNT III – FRAUDULENT MISREPRESENTATION & CONCEALMENT

43. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 42 of this Complaint as if fully rewritten herein.

44. Prior to expiration of the GM and Chrysler Contracts with G4S, Defendants Brock, Drent, Baker and/or John Does made repeated representations to Plaintiff and other Members of the Class that G4S would pay out unused PTO following the termination of their employment by virtue of the expiring Contracts.

45. At the time these representations to Plaintiff and the Class, G4S had no intention of honoring the payout provisions under the PTO Policies, and the individual Defendants possessed actual knowledge of that fact.

46. Prior to expiration of the GM and Chrysler Contracts with G4S, Defendants Brock, Drent, Baker and/or John Does were present when others made representations made to Plaintiff and other Members of the Class that G4S would pay out unused PTO following the termination of their employment by virtue of the expiring Contracts.

47. Defendants Brock, Drent, Baker and/or John Does had a duty to disclose the falsity of the representations made to Plaintiff and the Class but failed to do so.

48. Defendant G4S was aware of, directed and/or ratified the material misrepresentations and omissions made by Defendants Brock, Drent, Baker and/or John Does as alleged herein.

49. Plaintiff and other Members of the Class justifiably relied on Defendants' material misrepresentations and omissions to their detriment by electing not to utilize accrued PTO or resign from G4S prior to expiration of the GM or Chrysler Contracts.

50. Defendants acted fraudulently, maliciously and/or with conscious disregard for the rights of Plaintiff and the other Members of the Class.

51. As a direct and proximate result of Defendants' misconduct, Plaintiff and the Class have sustained serious financial losses in an amount to be determined at trial.

## COUNT IV – BREACH OF FIDUCIARY DUTY

52. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 51 of this Complaint as if fully rewritten herein.

53. As a corporation doing business in the state of Ohio, G4S is subject to the mandatory provisions of O.R.C. § 4113.15 regarding the payment of wages to all its employees regardless of where they are located.

54. As a party to agreements to pay out accrued PTO to Plaintiff and the other Members of the Class upon termination of their employment, G4S became a trustee over the funds owed upon expiration of the GM and Chrysler Contracts and, as trustee, had a duty to pay out said benefits no later than the fifteenth day of the month following expiration of those Contracts.

55. G4S has breached its fiduciary duty as a trustee by knowingly failing and refusing to pay out PTO benefits owed to Plaintiff and the other Members of the Class without any reasonable justification or excuse, in violation of O.R.C. § 4113.15.

56. G4S acted fraudulently, maliciously and/or with conscious disregard for the rights of Plaintiff and the other Members of the Class.

57. As a direct and proximate result of G4S's misconduct, Plaintiff and the Class have sustained serious financial losses in an amount to be determined at trial.

## COUNT V – CIVIL THEFT

58. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 57 of this Complaint as if fully rewritten herein.

59. Defendants committed, conspired, attempted to commit, and/or were complicit in the commission of a "theft offense" as defined by Ohio law, O.R.C. § 2913.01(K)(1) and (4), *to*

*wit,* obtaining and/or exerting control over funds belonging to Plaintiff and other Members of the Class by deception and/or without their consent, in violation of O.R.C. § 2913.02.

60. As a direct and proximate result of Defendants' commission of the above-referenced criminal acts, Plaintiff and other Members of the Classes were injured in property and therefore have standing to pursue a civil action for damages pursuant to O.R.C. § 2307.60(A).

61. As a direct and proximate result of Defendants' commission of theft offenses, Plaintiff and the Class are entitled to liquidated damages in an amount equal to three times the full value of their stolen property at the time it was the subject of the theft offense(s), irrespective of whether the property was ultimately recovered pursuant to O.R.C. § 2307.61(A)(1)(b)(ii), as well as the costs of this suit, including reasonable attorneys' fees.

## COUNT VI – CIVIL R.I.C.O. (STATE)

62. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 61 of this Complaint as if fully rewritten herein.

63. At all times relevant herein, Defendants were associated with and/or employed by an enterprise engaged in the fulfillment of outsourcing contracts for corporate customers located throughout the United States, including in the State of Ohio.

64. Defendants conducted and/or participated in the conduct of the affairs of said enterprise through a pattern of corrupt activity in violation of O.R.C. § 2923.32, the purpose of which was to defraud Plaintiff and the other Members of the Class out of funds owed to them under the terms of the PTO Policies in order to advance their own careers and create a financial windfall for G4S and its parent company.

65. Between February 2017 and February 2018, Defendants knowingly and maliciously conspired to commit and did commit multiple theft offenses in violation of O.R.C. §

2913.02, in furtherance of their unlawful scheme to defraud.

66. Between February 2017 and February 2018, Defendants also knowingly and maliciously committed multiple acts of wire fraud in violation of O.R.C. § 2913.05 and 18 U.S.C. § 1343, *to wit,* they disseminated, transmitted and/or caused to be disseminated or transmitted communications via telephone and email to Members of the Class containing false representations and promises in furtherance of their unlawful scheme to defraud.

67. As a direct and proximate result of Defendants' misconduct and violations of O.R.C. § 2923.32, Plaintiff and the Class have been damaged in an amount to be determined at trial. Pursuant to O.R.C. § 2923.34, therefore, they are entitled to compensatory damages, treble damages and the costs of this suit, including reasonable attorneys' fees.

## COUNT VII – CIVIL R.I.C.O. (FEDERAL)

68. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 67 of this Complaint as if fully rewritten herein.

69. At all times relevant herein, Defendants were associated with and/or employed by an enterprise engaged in activities affecting interstate commerce, *to wit,* the fulfillment of outsourcing contracts for corporate customers located throughout the United States.

70. Defendants conducted and/or participated in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), the purpose of which was to defraud Plaintiff and the other Members of the Class out of funds owed to them under the terms of the PTO Policies in order to advance their own careers and create a financial windfall for G4S and its parent company.

71. Between February 2017 and February 2018, Defendants knowingly and maliciously committed multiple acts of wire fraud in violation of 18 U.S.C. § 1343, *to wit,* the

transmission of communications via interstate telephone and email to Members of the Class containing false representations and promises in furtherance of their unlawful scheme to defraud.

72. As a direct and proximate result of Defendants' misconduct and violations of 18 U.S.C. § 1962(c), Plaintiff and the Class have been damaged in an amount to be determined at trial. Pursuant to 18 U.S.C. § 1964, therefore, they are entitled to compensatory damages, treble damages and the costs of this suit, including reasonable attorneys' fees.

### COUNT VIII – CIVIL CONSPIRACY

73. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 72 of this Complaint as if fully rewritten herein.

74. Defendants knowingly and intentionally conspired together to defraud Plaintiff and the other Members of the Class pursuant to a deliberate scheme to defraud Plaintiff and the other Members of the Class out of funds owed to them under the terms of the PTO Policies in order to advance their own careers and create a financial windfall for G4S and its parent company.

75. In furtherance of their civil conspiracy, Defendants engaged in multiple acts constituting fraud, breach of fiduciary duty and violations of state and federal law, as set forth above in this Complaint.

76. Defendants acted fraudulently, maliciously and/or with conscious disregard for the rights of Plaintiff and the other Members of the Class.

77. As a direct and proximate result of Defendants' misconduct, Plaintiff and the Class have sustained serious financial losses in an amount to be determined at trial.

### CLASS ACTION ALLEGATIONS

78. Plaintiff brings this action on behalf of himself individually and on behalf of all similarly-situated former employees of G4S who suffered damages as a result of Defendants'

unlawful and fraudulent business practices relating to G4S's improper withholding of PTO payouts following termination of employment, and accordingly seeks certification of this matter as a class action pursuant to Fed.R.Civ.P. 23.

79. The Class for which Plaintiff seeks certification is defined as:

**All former G4S employees assigned to GM or Chrysler who were eligible for but did not receive payout benefits under G4S's Paid Time Off Policies for Personnel Assigned to GM or Chrysler upon termination of their employment with G4S.**

Plaintiff reserves the right to amend the Class definition if further investigation and discovery reveals that the Class definition should be narrowed, expanded or otherwise modified.

80. **Numerosity:** Members of the Class are so numerous that joinder of all Members would impracticable as a matter of law. Although the exact number and location of the Members of the Class is presently known only to Defendants, upon information and belief, over 500 G4S employees were assigned to work at approximately 70 GM and Chrysler facilities located in multiple states across the county, including Arizona, California, Colorado, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Mississippi, Missouri, Nevada, New York, North Carolina, Ohio, Pennsylvania, Tennessee, Texas, West Virginia and Wisconsin, and at least 250 of these employees were eligible for, but did not receive, PTO benefits upon termination of their employment with G4S.

81. **Commonality:** Because each Member of the Class is asserting claims arising from an entitlement to benefits under one of only two PTO Policies (the terms of which, upon information and belief, are substantially the same), common questions of law and fact predominate their claims, including but not limited to:

   a. Whether G4S breached its contractual obligations to pay out unused PTO to Members of the Class upon termination of their employment with G4S due to expiration of the GM and Chrysler contracts;

    b. Whether individual Defendants engaged in fraudulent misrepresentations or failures to disclose material facts, including misrepresentations and omissions made during communications directed at numerous Members of the Class simultaneously, in a collective effort to dissuade Members of the Class from taking affirmative steps to exercise their contractual right to benefits prior to expiration of the GM and Chrysler contracts;

    c. Whether Members of the Class justifiably relied on the fraudulent misrepresentations and omissions of Defendants to their detriment.

    d. Whether G4S and the individual Defendants have exhibited a pattern of corrupt activity designed to defraud Members of the Class in furtherance of a scheme to avoid G4S's contractual liabilities.

82. With respect to Plaintiff's State law claims, Plaintiff is cognizant that many Members of the Class do not reside in the State of Ohio. Nevertheless, said claims do not present an actual conflict of law which would preclude class action certification.

83. With respect to claims asserted under O.R.C. § 4113.15, said statute is properly invoked as to all Members of the Class regardless of their state of residence based on Defendant G4S's status as an entity doing business in the state of Ohio.

84. With respect to the civil theft claim seeking treble damages pursuant to O.R.C. §§ 2307.60-2307.61, upon information and belief, at least two-thirds of the Members of the Class hail from states that have enacted similar statues providing for treble damages for such claims, including Michigan (M.C.L.S. § 600.2919a), Indiana (I.C. § 34-24-3-1), Colorado (Colo.Rev.Stat. § 18-4-405) and Wisconsin (WI Stat. § 895.446), and Members of the Class hailing from states that do *not* recognize a statutory claim for civil theft recognize a common law claim therefor. As a result, Plaintiff's assertion of a state-law civil theft claim does not present an actual conflict of law for class action certification purposes.

85. With respect to the civil R.I.C.O. claim pursuant to O.R.C. § 2923.34, said statute provides substantially the same relief available under the federal R.I.C.O. statute. Moreover, as

15

with Ohio's civil theft statute, upon information and belief, at least two-thirds of the Members of the Class hail from states that have enacted similar statues. As a result, Plaintiff's assertion of a state-law civil R.I.C.O. claim does not present an actual conflict of law for class action certification purposes.[1]

86. **Typicality:** Plaintiff has substantially the same interest in this matter as all other Members of the Class, and his claims arise out of the same set of facts and conduct as all other Members of the Class, *to wit,* Defendant G4S's breach of its contractual obligations under the PTO Policies and Defendants' intentional and fraudulent misconduct relating thereto.

87. **Adequacy of Representation:** As an employee with over 12 years in service in a supervisory position with GM, Plaintiff's PTO claim is among the largest of all Members of the Class, and he is committed to pursuing this action. His commitment is illustrated by his early activism in reaching out to other Members of the Class and in retaining competent counsel experienced in litigating disputes of a similar nature and in class action litigation generally. His claims are coincident with, and not antagonistic to, those of the other Members of the Class he seeks to represent with whom he has no disabling conflicts. Accordingly, Plaintiff and his counsel will fairly and adequately protect and represent the interests of the Members of the Class.

88. Certification as a class action is appropriate under Fed.R.Civ.P. 23(b)(3). As set

---

[1] In the event this Court determines that Plaintiff's state statutory claims for civil theft and R.I.C.O. violations cannot be certified as to the entire Class, Plaintiff would request certification of a subclass defined as:

> **All former G4S employees assigned to GM or Chrysler who were eligible for but did not receive payout benefits under G4S's Paid Time Off Policies for Personnel Assigned to GM or Chrysler upon termination of their employment with G4S who reside in Ohio or in states with statutes providing for substantially the same relief provided by O.R.C. §§ 2307.60-2307.61 and 2923.34.**

16

forth above, common questions of law and fact predominate the claims of all Members of the Class, and a class action is superior to any other method for fairly and efficiently adjudicating this controversy for multiple reasons, including but not limited to the following:

   a. Each individual Member of the Class has little interest in maintaining and controlling a separate cause of action. Upon information and belief, the average amount of benefits improperly withheld from each Class Member is under $10,000, and in some cases, likely under $2,000, such that prosecution of the claims individually would be economically unfeasible for most, if not all, Members of the Class.

   b. In anticipation of the filing of this Complaint, Plaintiff contacted approximately 20 Members of the Class to ascertain their interest, and the interest of any of their colleagues, in participating in a collective lawsuit, and has since received affirmative responsives from at least 60 individuals.

   c. Upon information and belief, no Member of the Class has previously filed any action in a court of law asserting claims against Defendants arising from the acts and omissions alleged herein, however, a handful of putative Members of the Class have filed Employment Wage Complaints with the Michigan Department of Licensing & Regulatory Affairs ("LARA"). Given the recency of these events, it is unlikely that any such complaint has progressed beyond the investigative stage. Notably, however, the wage complaint process through LARA is only available to those Members of the Class who worked at facilities in the State of Michigan, and the maximum relief available through LARA is limited to the amount of benefits withheld and therefore would not include any damages based on claims asserted herein other than breach of contract.

   d. All claims arise out of the same set of operative facts, such that consolidation into a single action would be the most efficient use of judicial resources. Similarly, limiting the litigation to a single action would be beneficial to the parties, including Defendants herein, who would be spared from having to appear in multiple courts all over the country should the Members of the Class be forced to pursue their claims individually.

   e. While this is a multi-state action with putative Class Members residing all over the continental United States, the vast majority reside in Ohio and the bordering states of Michigan, Indiana, Kentucky, West Virginia and Pennsylvania, and at least two of the Defendants also reside in the neighboring state of Michigan. Furthermore, both GM and Chrysler maintain multiple facilities in Ohio to which many Members of the Class were assigned (including GM's Lordstown Complex in Trumbull, County, one of the largest vehicle assembly facilities in the world). As a result, many witnesses and evidentiary materials will likely be found in or near the Northern District of Ohio, a central location for the parties, making this Court a practical and convenient forum.

    f.    Plaintiff is unaware of any significant difficulties that are likely to arise in managing this case as a class action. The Class is finite in nature, and both the identity of each individual Member of the Class and the amount of his/her claim would be easily identifiable from G4S's personnel records. As a result, many of the problems that often arise in managing class actions involving less definable claims would not be impediments in this case.

89.    Certification as a class action is also appropriate under Fed.R.Civ.P. 23(b)(1)(A), as multiple prosecutions of individual claims would present a substantial risk of inconsistent results that would establish incompatible standards of conduct for G4S and the individual Defendants.

90.    Certification as a class action is also appropriate under Fed.R.Civ.P. 23(b)(2), as G4S has acted or refused to act on grounds that apply generally to the Class as a whole, justifying final injunctive relief or corresponding declaratory relief. Although G4S lost its bid to renew the GM and Chrysler Contracts pursuant to which Members of the Class were employed, upon information and belief, G4S continues to provide security services per contracts with GM in the United States, Mexico and Canada, as well as with other customers which may employ similar PTO Policies, and it is probable that G4S will submit bids to secure new contracts with GM, Chrysler or other potential customers in the automobile industry in the future. Given G4S's systematic pattern of past misconduct, current employees of G4S assigned to these locations are at serious risk of suffering similar damages absent injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Joseph King, on behalf of himself and all others similarly-situated, respectively, pray for the following judgment against the Defendants:

    A.    An order certifying this action as a class action;

    B.    An order appointing Plaintiff as the Class Representative and appointing undersigned counsel to represent the class;

    C.    An order enjoining Defendants from contesting the enforceability of the payout

        provisions of the PTO Policies or other severance benefits upon termination of employment resulting from expiration of an underlying customer contract;

D.      Compensatory damages in an amount to be determined at trial;

E.      Liquidated damages for civil theft in an amount equal to three times the value of the stolen property at the time of theft pursuant to O.R.C. § 2307.61(A)(1)(b)(ii);

F.      Treble damages pursuant to O.R.C. § 2923.34 and 18 U.S.C. § 1964;

G.      Punitive damages in an amount to be determined at trial;

H.      Reasonable attorney fees and all costs incurred by Plaintiff in this matter; and

I.      Any and all such other relief as this Court deems to be just and equitable.

        Respectfully submitted,

        /s/ Amy A. Wuliger
        Amy A. Wuliger (0091420)
        William T. Wuliger (0022271)
        Mark E. Kremser (0066642)
        WULIGER & WULIGER
        2003 St. Clair Ave.
        Cleveland, Ohio 44114
        Tel: (216) 781-7777/ Fax: (216) 781-0621
        awuliger@wuligerlaw.com
        wtwuliger@wuligerlaw.com
        mkremser@wuligerlaw.com
        *Counsel for Plaintiff*

## JURY DEMAND ENDORSEMENT

Plaintiff, individually and on behalf of the Class, requests a trial by jury composed of the maximum number of jurors allowable by law as to all issues so triable.

        /s/ Amy A. Wuliger
        Amy A. Wuliger (0091420)