IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. KING, *et al.*, | CASE NO. 1:18 CV 488 |
| Plaintiffs, | JUDGE DONALD C. NUGENT |
| vs. | |
| G4S SECURE SOLUTIONS (USA) INC., *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

This matter is before the Court on Defendants' Renewed and Amended Motion For a Protective Order. (ECF #58) Plaintiffs have opposed the motion and Defendants have filed a reply brief in support. In their Motion Defendants seek to limit pre-certification discovery to G4S employees working at GM, in Ohio, as of January 31, 2018, and who were not covered by the collective bargaining act ("CBA").

The scope of discovery permitted under Rule 26(b)(1) is expansive:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). However, a court may limit the scope of discovery, if necessary, "for good cause, ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding inquiry into certain matters, or limiting the scope of

disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

The Court has reviewed the briefs filed by the parties and has listened to the arguments of counsel on the motion at the status conference held on June 12, 2019. After careful consideration, the Defendant's Motion for a Protective Order (ECF # 58) is GRANTED IN PART and DENIED IN PART as follows:

(1) Discovery is limited to employees who were **not** members of the union. As Plaintiff has demonstrated that none of the named Plaintiffs are members of the union, no preemption issues arise.

(2) Plaintiff may pursue discovery of non-union G4S employees assigned to GM from the beginning of the contract, January 1, 2012, who were terminated from employment for any reason between January 2012 and January 30, 2018. Defendant will also provide a list of the non-union G4S employees who were employed by G4S on January 31, 2018. Defendant's counsel has agreed that a search for this information would not be unduly burdensome.

(3) Discovery will not be limited to G4S employees assigned to GM only in Ohio. In accordance with the limitations listed in points 1 and 2 above, discovery may be pursued relative to non-union G4S employees assigned to GM in any state.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 12, 2019